IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JEANETTE WHATLEY                                                                                       PLAINTIFF

v.                                              No. 3:10CV00242 JLH

RECONTRUST COMPANY NA and
BAC HOME LOANS SERVICING LP f/k/a
COUNTRYWIDE HOME LOANS                                                                         DEFENDANTS

**OPINION AND ORDER**

Jeanette Whatley brings this action *pro se* against the defendants ReconTrust Company and BAC Home Loans Servicing ("BAC") for actions arising from the servicing of and foreclosure on Whatley's mortgage loan. The complaint alleges violations of Arkansas's Business and Commercial Code, Ark. Code Ann. §§ 4-1-101 *et seq.*, the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*, and Arkansas's Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101 *et seq.* The defendants have filed a motion to dismiss the complaint for improper service of process and for failure to state a claim upon which relief may be granted. Whatley has responded to the motion and has filed a motion to remand the action to state court where it was initially filed and from which the defendants removed the action to this Court. For the following reasons, the defendants' motion to dismiss is granted, and Whatley's motion to remand is denied.

**I.**

Whatley alleges that, on December 26, 2006, she executed a note and a mortgage with Pulaski Mortgage Company to purchase property located in Marion, Arkansas. Pulaski Mortgage Company endorsed the note payable to Countrywide Bank, N.A. According to the complaint,

Countrywide Bank, N.A., was purchased by Bank of America in June 2009, at which time BAC became the servicer of the loan. Whatley made late payments on several occasions, which BAC accepted. In March 2010, Whatley made a payment of $2,286.08, which brought her debt current to March 1, 2010. However, she was unable to make a March payment. On or about April 19, 2010, BAC issued a notice of intent to accelerate, which requested that Whatley cure the default by May 19, 2010. Whatley was unable to cure the default, and on June 4, 2010, she contacted BAC and requested that the servicer accept payment on that date for March and April and accept payment two weeks later for the month of May. BAC stated that they could only accept certified funds, so Whatley obtained a cashier's check for the March and April payments and sent it by certified mail to BAC on June 5, 2010. BAC received the check on June 7, 2010.

On June 16, 2010, Whatley received a letter from ReconTrust Company dated June 9, 2010, which explained that the loan had been referred to them for foreclosure. Whatley ignored the letter. On June 18, 2010, she contacted BAC to make arrangements to send the payment for the month of May. She was told that her payment for March and April was posted on June 8, 2010, and that on that same day, her file was forwarded to ReconTrust for foreclosure. BAC advised Whatley to make no further payments and to call back on June 25, 2010, to see whether her March and April payment would be accepted.

Whatley called BAC several times between June 18 and June 25. She was told that her late payment had not been accepted and that she would be given a reinstatement figure of the amount that she could pay to avoid foreclosure. On June 28, 2010, Whatley's cashier's check was returned to her. She also received a notice of default. On July 1, 2010, Whatley sent a dispute of the validity of the debt and a RESPA request to the lender. ReconTrust responded by sending Whatley a copy

of the note and mortgage as well as a payoff statement. The response to the RESPA request was that it would be answered within sixty days. On July 2, 2010, Whatley received a reinstatement calculation in the mail. However, Whatley was not able to pay the full amount for reinstatement. On July 24, 2010, she contacted BAC's foreclosure department and, for the first time, she was told that her loan had been referred to ReconTrust for nonjudicial foreclosure[1] on June 7, 2010—not on June 8. The foreclosure sale was scheduled for August 31, 2010.

On August 26, 2010, Whatley filed a complaint against BAC and ReconTrust in the Circuit Court of Crittenden County, Arkansas, and she obtained a temporary restraining order and preliminary injunction to prevent the sale of her home. On August 31, 2010, copies of the complaint, summons, and temporary restraining order were delivered to the defendants. The summons to ReconTrust was directed to "RECONTRUST COMPANY, NA." On September 30, 2010, the case was removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1332.

## II.

The plaintiff has filed a motion to remand the action to state court. An action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). "Ordinarily, when the plaintiff moves to remand a removed case for lack of subject-matter jurisdiction, the federal district court undertakes a threshold inquiry; typically the court determines whether complete diversity exists or whether the complaint raises a federal question." *Osborn v. Haley*, 549 U.S. 225, 243, 127 S. Ct. 881, 895, 166 L. Ed. 2d 819 (2007). A federal question exists when the claims arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Whatley's complaint raises a federal question because it asserts claims under the federal

---

[1] *See* Ark. Code Ann. § 18-50-101 *et. seq*.

Truth in Lending Act and Real Estate Settlement Procedures Act. Moreover, there is complete diversity of citizenship and the amount in controversy exceeds $75,000, so this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Because jurisdiction in this Court is proper, Whatley's motion to remand is denied.

### III.

ReconTrust argues that it should be dismissed as a party to this action because proper service was not effectuated against it. In assessing the sufficiency of service, the Court turns to Arkansas law, as service of process occurred prior to removal. *Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998); *Charkoma Res., LLC v. JB Energy Explorations, LLC,* No. 09-02118, 2009 WL 3378965, at *3 (W.D. Ark. Oct. 19, 2009). In Arkansas, the statutory service requirements must be strictly construed, and compliance with them must be exact. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003).

Whatley admits that she did not properly serve ReconTrust in this action because she failed to comply with Arkansas Rule of Civil Procedure 4(d)(8), which requires that the summons be addressed to a "natural person specified by name." (Pl.'s Resp. to Mot. to Dismiss ¶ 3.) Instead, Whatley addressed the summons to "Recontrust Company N.A." (Def.'s Mot. to Dismiss Ex. 1.) A company name is not a "natural person" within the meaning of Rule 4(d)(8). *Grand Slam Stores, L.L.C. v. L & P Builders, Inc.*, 92 Ark. App. 210, 213, 212 S.W.3d 6, 8 (Ark. Ct. App. 2005).

Despite Whatley's failure with respect to the form of process, the Court finds that dismissal under Rule 12(b)(4) or 12(b)(5) is not appropriate. *See, e.g.*, *Watkins v. Am. Mortg. Assocs., Inc.*, No. 4:09CV00835, 2010 WL 1417973, at *4 (E.D. Ark. Mar. 31, 2010) (finding dismissal inappropriate in similar circumstances). 28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

A court must dismiss an action without prejudice if service is not made "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). Whatley filed her complaint on August 26, 2010, fewer than 120 days ago. Because Whatley still has time to serve ReconTrust with process, her complaint should not be dismissed as to ReconTrust for insufficient service of process.

**IV.**

Whatley's complaint should be dismissed, however, for failure to state a claim upon which relief may be granted.[2] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In reviewing the complaint, the Court must "accept as true all of the factual allegations contained in the complaint." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544. 555-56, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). All reasonable inferences from the complaint must be drawn in favor of the plaintiff. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).[3]

---

[2] In her response, Whatley argues that "the Motion to Dismiss is not ripe as [the plaintiff] has not had the opportunity to complete discovery or amend the complaint." (Pl.'s Resp. Br. to Motion to Dismiss at 1.) Pursuant to Federal Rule of Civil Procedure 12(b), a motion asserting a failure to state a claim must be made before pleading if a responsive pleading is allowed. As per the rule, the defendants filed the motion to dismiss before answering the plaintiff's complaint.

[3] Although courts hold a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam), in this case, the *pro se* plaintiff is a lawyer (Compl. at ¶ 38.). Furthermore, even *pro se* plaintiffs must assert facts sufficient to state a claim for relief.

Nonetheless, the complaint must include facts sufficient to show that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549. Where the facts presented in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, 884 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

The defendants argue, and the Court agrees, that Whatley's complaint fails to state claims pursuant to Arkansas's Business and Commercial Code ("the UCC"), the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), or the Arkansas Deceptive Trade Practices Act ("ADTPA").[4]

**A.     Claims Under the UCC**

First, Whatley alleges that she is entitled to relief pursuant to the UCC because the "[d]efendants have failed to demonstrate that [they have] the right to administer foreclosure proceedings on this loan" and "mere possession of a mortgage or deed of trust does not create any authority to foreclose." (Compl. ¶ 40.) Whatley alleges elsewhere in the complaint that the note was endorsed by a vice president of Pulaski Mortgage Company payable to Countrywide Bank, N.A., but

---

[4] Count I and Count VI of the complaint seek injunctive and declaratory relief, which are remedies rather than separate causes of action. *See Henke v. Arco Midcon, L.L.C.*, No. 4:10CV86, 2010 WL 4513301, at *6 (E.D. Mo. Nov. 2, 2010).

"[t]he validity of said signature of endorsement is denied, and the Plaintiff demands strict proof." (Comp. ¶ 9.) She alleges no basis, however, for believing that the endorsement is invalid, nor does she allege any other basis for her assertion that the defendants have no right under the UCC to foreclose. Therefore, Whatley's claims pursuant to the UCC are dismissed without prejudice.

**B.     Claims Under TILA**

Whatley also alleges that the defendants violated TILA by "improperly retaining funds belonging to the Plaintiff[]," by "failing to disclose fees and costs," by "fail[ing] to disclose the status of the ownership of the loans," and by "fail[ing] to make disclosure . . concerning the terms and conditions of the loan." (Compl. ¶¶ 42-43.) Whatley seeks rescission of the loan as well as "actual damages, punitive damages, and costs as allowed by statute." (*Id.* ¶ 45.)

First, Whatley has failed to allege a claim upon which relief may be granted against the defendants for TILA violations.

> The Complaint fails to cite specific statutory requirements or allege specific conduct of individual Defendants violating these requirements. Plaintiff does not specify what required disclosures Defendants have failed to provide or which Defendants were required to provide them. Plaintiff does not specify which funds have been improperly retained by which Defendants. Plaintiff does not identify the authority requiring Defendants to disclose the status of the ownership of the loan. As a result, it does not set forth a cognizable legal theory and cannot survive Defendant's motion to dismiss.

*Serrano v. Sec. Nat'l Mortg. Co.*, No. 09-CV-1416, 2009 WL 2524528, at *2 (S.D. Cal. Aug. 14, 2009).

Second, to the extent that Whatley alleges claims for damages and rescission under TILA, they are time-barred. TILA provides that any claim for damages must be brought "within one year from the date of occurrence of the violation." 15 U.S.C. § 1640(e) (2006). The one-year window

for filing a TILA damages claim generally "runs from the date of the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986); *Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1258 (D. Colo. 2004). A loan is deemed consummated at "the time that a consumer becomes contractually obligated on a credit transaction." Truth in Lending, 12 C.F.R. § 226.2(a)(13) (2010). Whatley became contractually obligated on her loan on December 27, 2006, when she signed the note and mortgaged her home. She filed a complaint against the defendants on August 26, 2010, well beyond the one-year limitations period. Whatley has pleaded no basis for equitable tolling that would justify suspending the limitations period. *See Hartman v. Smith*, No. 09-01618, 2010 WL 3735724, at *10 (D. Minn. Sept. 17, 2010) (positing that the Eighth Circuit would allow equitable tolling of the limitations period in cases involving fraudulent concealment of the statutory violation); *Evans v. Rudy-Luther Toyota, Inc.*, 39 F. Supp. 2d 1177, 1184 (D. Minn. 1999) ("[T]he doctrine of fraudulent concealment could equitably toll the limitations period . . . ."). Therefore, Whatley's damages claim is dismissed without prejudice.

Whatley's rescission claim under TILA likewise is time-barred. Pursuant to the statute, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f). Whatley's note and mortgage originated in December 2006 and this action was filed in August 2010. Unlike the one-year statute of limitations for damages claims, the three-year statute of limitations cannot be equitably tolled. *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164-65 (9th Cir. 2002) (holding

courts are deprived of subject matter jurisdiction when a § 1635 claim is brought outside of the three-year limitations period). Whatley's rescission claim is dismissed with prejudice.[5]

**C.    Claims Under RESPA**

Count 4 of the complaint alleges that the defendants violated RESPA by "plac[ing] the mortgage in foreclosure for the purpose of unlawfully increasing or otherwise obtaining fees and sums in excess of what would have been lawfully earned." (Compl. ¶ 48.) Whatley does not allege facts showing the conduct of any individual defendant and does not specify which statutory provisions have been violated. As written, this allegation consists of " 'naked assertion[s]' devoid of 'further factual enhancement' " and fails to state a claim upon which relief may be granted. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly,* 127 S. Ct. at 1966).

Whatley argues that ReconTrust also violated RESPA by failing to respond properly to Whatley's RESPA request. Specifically, the complaint alleges that ReconTrust "continued to pursue the foreclosure proceeding" and "did not respond within the time frame required by law." (Compl. ¶ 49.) Pursuant to 12 U.S.C. § 2605(e)(2), a loan servicer who receives a qualified written request from a borrower must respond to the request within sixty days "before taking any action with respect to the inquiry of the borrower." A servicer's noncompliance with § 2605(e) entitles the borrower to recover "any actual damages to the borrower as a result of the failure." 12 U.S.C. § 2605(f)(1)(A). In her claim against ReconTrust, Whatley does not allege that ReconTrust is the servicer of her loan. In fact, her complaint specifically alleges that BAC "is the current servicer of Plaintiff's mortgage loan." (Compl. ¶ 6.) Nor does she allege that her "RESPA request" constitutes a "qualified written

---

[5] Even if it were not time-barred, the Court agrees with the defendants that section permitting claims for rescission does not apply to residential mortgage transactions such as this one. 15 U.S.C. § 1635(e)(1).

request," or that she suffered actual damages as a direct result of the RESPA violation. *See McWilliams v. Chase Home Fin., LLC*, No. 4:09CV609, 2010 WL 1817783, at *4 (E.D. Mo. May 4, 2010) ("[A] plaintiff who alleges a breach of § 2605 without alleging actual damages fails to state a claim."). As a result, Count 4 of Whatley's complaint is dismissed without prejudice.

**D.    Claims Under the ADTPA**

Likewise, Whatley's ADTPA claim must be dismissed pursuant to Rule 12(b)(6). To violate the ADTPA, the defendant must engage in an unconscionable, false, or deceptive act or trade practice. Ark. Code Ann. § 4-88-107(a)(10). The ADTPA grants a right of recovery to "[a]ny person who suffers actual damage or injury *as a result of* an offense or violation." Ark. Code Ann. § 4-88-113(f) (emphasis added). Whatley alleges that BAC misrepresented on two occasions that her loan was referred to ReconTrust for foreclosure on June 8, 2010, when it actually was referred on June 7, 2010. She also has an agreement with Fannie Mae to provide special servicing to homeowners who have defaulted on their loans but contends that the defendants "have not even attempted to determine the cause of the Plaintiff's default or make available to her any options to save the property . . . other than reinstatement." She contends that BAC's actions were unconscionable, false, and deceptive. The defendants argue that the ADTPA claim should be dismissed because the Act does not apply to "[a]ctions or transactions permitted under laws administered by the . . . Bank Commissioner, or other regulatory body or officer acting under statutory authority." Ark. Code Ann. § 4-88-101(3). The defendants do not explain, however, which regulatory body governs the alleged conduct that gives rise to Whatley's claims.

The defendants also argue that Whatley fails to allege her ADTPA claim with sufficient specificity. Rule 9(b) requires a party to plead with particularity the circumstances constituting

10

fraud. The purpose of the requirement is to allow the defendant "to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003) (citing *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920-21 (8th Cir. 2001)). The particularity required by Rule 9(b) "demands a higher degree of notice than that required for other claims. The claim must identify who, what, where, when, and how." *Id*. (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997)). The pleading must discuss "the time, place[,] and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys.*, 298 F.3d 736, 746 (8th Cir. 2002) (quoting *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982)). Conclusory allegations of fraud and deception are insufficient. *Id*. Whatley alleges none of the circumstances of any fraudulent statements. She does not allege that BAC's misrepresentations caused her to suffer any actual damages or explain the nature of the those damages, nor does she allege any facts that would justify an injunction based on false statements made to her. *See Wallis v. Ford Motor Co.*, 362 Ark. 317, 328, 208 S.W.3d 153, 161 (2005) (holding that a private cause of action under the ADTPA requires that a person suffer actual damage or injury). Although Whatley alleges that the defendants have not complied with some provision of their agreement with Fannie Mae, she does not identify the provision, allege its terms, or explain how a violation of that provision would give rise to a claim for relief under ADTPA. As a result, the ADTPA claim is dismissed without prejudice.

## CONCLUSION

For the reasons stated above, the plaintiff's motion to remand the action to state court is DENIED. Document #7. The defendants' motion to dismiss is GRANTED. Document #5. If

11

Whatley wishes to seek leave to amend her complaint, she must file her motion for leave to amend, with the proposed amended complaint attached as required by Local Rule 5.5(e), within 30 days of the entry of this Opinion and Order. If she does not file such a motion, the Court will enter a final order dismissing this action.

IT IS SO ORDERED this 23rd day of November, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT